FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

18 JAN -3 PM 1: 44

SOUTHERN DISTRICT
OF INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:17-cr-165-TWP-MJD |
| | ) | |
| RICARDO OCHOA-BELTRAN, | ) | -01 |
| aka "Ricardo Jovany Sanchez-Sandoval," | ) | |
| aka "Gio," | ) | |
| aka "Jesus Sanchez-Gallardo," | ) | |
| aka "Alejandro Garcia-Torres," | ) | |
| MIGUEL LARA-LEON, | ) | -02 |
| aka "Chaparro," | ) | |
| CESAR SALGADO, | ) | -03 |
| ANGELICA NAOMI GUZMAN-CORDOBA, | ) | -04 |
| LISSA GARCIA, | ) | -06 |
| MEGAN CASTLETON, | ) | -07 |
| BRYAN STOCKER, | ) | -08 |
| | ) | |
| Defendants. | ) | |

## SUPERSEDING INDICTMENT

### COUNT ONE
[ Conspiracy to Distribute Controlled Substances – 21 U.S.C. § 846 ]

The Grand Jury charges that:

1.     Beginning on a date unknown to the Grand Jury, but at least as early as January

2016, and continuing through on or about July 17, 2017, in the Southern District of Indiana,

Indianapolis Division, and elsewhere, RICARDO OCHOA-BELTRAN, aka "Ricardo Jovany

Sanchez-Sandoval," aka "Gio," aka "Jesus Sanchez-Gallardo," aka "Alejandro Garcia-Torres,"

MIGUEL LARA-LEON, aka "Chaparro," CESAR SALGADO, and ANGELICA NAOMI

GUZMAN-CORDOBA, the defendants herein, and others known and unknown to the Grand

Jury, did knowingly and intentionally conspire together and with other persons known and

unknown to the Grand Jury to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

2.      The distribution of five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II non-narcotic controlled substance, and the possession with the intent to distribute the same;

3.      The distribution of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, and the possession with the intent to distribute the same; and,

4.      The distribution of one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance, and the possession with the intent to distribute the same.

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

5.      OCHOA-BELTRAN directed the activities of a drug trafficking organization ("DTO") that operated in Indianapolis, Indiana, and elsewhere.

6.      OCHOA-BELTRAN supplied drugs, including methamphetamine, cocaine, and heroin, to LARA-LEON, SALGADO, and GUZMAN-CORDOBA for re-distribution in the Indianapolis, Indiana, area.

7.      The co-conspirators transported, or caused the transport of, drugs to Indianapolis for re-distribution. One method of transport was the mailing of drug packages from California to Indianapolis.

8.   LARA-LEON advanced the DTO by, among other things, acting as a distributor for the DTO.

9.   SALGADO advanced the DTO by, among other things, acting as a drug distributor for the DTO.

10.   GUZMAN-CORDOBA advanced the DTO by, among other things, acting as a drug distributor for the DTO.

11.   The co-conspirators maintained ledgers to keep track of money owed by DTO customers as well as expenses paid by the DTO.

12.   OCHOA-BELTRAN, LARA-LEON, SALGADO, and other co-conspirators possessed firearms to protect themselves, their drugs, and their drug proceeds.

13.   OCHOA-BELTRAN, LARA-LEON, SALGADO, and other co-conspirators used, and maintained properties to store, process, and distribute drugs and drug proceeds.

14.   The co-conspirators used cellular telephones and code words to facilitate their drug trafficking activities. These code words, which included "hemi," "water," "cream," and "blue," referred to drugs.

ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates below, the defendants and others performed acts in furtherance of the conspiracy and to effect the goals and conceal the existence of the conspiracy, in the Southern District of Indiana, Indianapolis Division, and elsewhere, including but not limited to the following:

15.   On or about December 1, 2016, LARA-LEON sold approximately 28.3 grams of methamphetamine to a confidential source (CS) in Indianapolis, Indiana.

16.     On or about January 17, 2017, SALGADO, GUZMAN-CORDOBA and other individuals known to the Grand Jury possessed approximately $131,421 in U.S. Currency.

17.     On or about January 31, 2017, LARA-LEON sold approximately 59.3 grams of methamphetamine to the CS in Indianapolis, Indiana.

18.     On or about February 21, 2017, LARA-LEON sold approximately 28.3 grams of heroin to the CS in Indianapolis, Indiana.

19.     On or about March 20, 2017, LARA-LEON sold approximately 28.3 grams of heroin to the CS in Indianapolis, Indiana.

20.     On or about April 17, 2017, LARA-LEON arranged for an individual known to the Grand Jury to sell approximately 85.0 grams of methamphetamine to the CS in Indianapolis, Indiana.

21.     In or around June 2017, OCHOA-BELTRAN arranged for the CS to obtain a cellular telephone with which the CS could communicate with the organization regarding drug trafficking.

22.     On or about June 23, 2017, SALGADO arranged for GUZMAN-CORDOBA, aided and abetted by Individual #1 (identity known to the Grand Jury), to sell approximately 226.8 grams of methamphetamine to the CS. On that same date, GUZMAN-CORDOBA sold approximately 226.8 grams of methamphetamine to the CS in Indianapolis, Indiana.

23.     On or about July 11, 2017, SALGADO sold approximately 85.0 grams of methamphetamine to the CS in Indianapolis, Indiana.

24.     On or about July 17, 2017, OCHOA-BELTRAN supplied approximately 60 grams of heroin to the CS in Indianapolis, Indiana, for re-distribution.

4

25.     On or about July 17, 2017, at a residence on Dearborn Street, Indianapolis, Indiana, OCHOA-BELTRAN, LARA-LEON, SALGADO, and GUZMAN-CORDOBA possessed the following:

          a.     Approximately 1.22 kilograms of heroin;

          b.     Approximately 2.12 kilograms of cocaine;

          c.     Drug ledgers;

          d.     Digital scales used to process and distribute drugs;

          e.     A Charter Arms, Model Off Duty .38 Special revolver, serial number 1124374;

          f.     A HiPoint 9 mm pistol, serial number P1693579;

          g.     A Cobra, Model CLB38, .38 caliber Derringer handgun;

          h.     A TAPCO USA rifle, serial number 24019993;

          i.     A Chiappa Firearms, Ltd., .22 caliber pistol, serial number D61959;

          j.     A Ruger AR-556 rifle, serial number 851-21479;

          k.     Assorted ammunition, and,

          l.     Approximately $9,795 in U.S. Currency.

26.     On or about July 17, 2017, SALGADO possessed the following in a vehicle parked outside of the Dearborn Street residence, in Indianapolis, Indiana:

          a.     A Smith & Wesson, Model M&P15 5.56 caliber rifle, serial number SU91416;

          b.     An AWC Systems Technology, LLC, Model Optima II, 5.56 caliber firearm silencer, serial number 970579;

          c.     Ammunition; and,

      d.      Approximately $4,620 in U.S. Currency.

27.      On or about July 17, 2017, LARA-LEON and another individual known to the Grand Jury jointly possessed the following firearms and ammunition in a vehicle in Indianapolis, Indiana:

      a.      A NORINCO 7.62 mm, Chinese SKS rifle, serial number 24010731;

      b.      A NORINCO 7.62 mm, Chinese SKS rifle, serial number 2213668B;

      c.      An AA Arms, Inc., 9mm Model AP9 pistol, serial number 056442;

      d.      A Ruger Model Security6, .357 Magnum revolver, serial number 157-07399;

      e.      A FNH 5.7x28 caliber pistol, serial number 386226230;

      f.      A CN Romarm 7.62x39 mm rifle, serial number 1-46973-03;

      g.      An Areo Procesion Model X15, .223 caliber rifle, serial number AR04266;

      h.      A Recoil Gun Works, Salem, Indiana RG15 .223 (.556 on barrel) rifle, serial number RGB1415;

      i.      An Olympic Arms, Model MFR, .223 rifle, serial number CH0522; and,

      j.      Approximately 1,000 rounds of various caliber ammunition.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
[ Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1) ]

The Grand Jury further charges that:

On or about December 1, 2016, in the Southern District of Indiana, Indianapolis Division, the Defendant, MIGUEL LARA-LEON, aka "Chaparro," did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a

6

Schedule II, non-narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE
[ Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1) ]

The Grand Jury further charges that:

On or about January 31, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendant, MIGUEL LARA-LEON, aka "Chaparro," did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR
[ Distribution of Heroin – 21 U.S.C. § 841(a)(1) ]

The Grand Jury further charges that:

On or about February 21, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendant, MIGUEL LARA-LEON, aka "Chaparro," did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE
[ Distribution of Heroin – 21 U.S.C. § 841(a)(1) ]

The Grand Jury further charges that:

On or about March 20, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendant, MIGUEL LARA-LEON, aka "Chaparro," did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I, narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX
[ Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ]

The Grand Jury further charges that:

On or about April 17, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendant, MIGUEL LARA-LEON, aka "Chaparro," aiding and abetting persons known and unknown to the Grand Jury, did knowingly and intentionally aid and abet the distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT SEVEN
[ Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ]

The Grand Jury further charges that:

On or about June 23, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendants, CESAR SALGADO, ANGELICA NAOMI GUZMAN-CORDOBA, and LISSA GARCIA, aiding and abetting one another and persons known and unknown to the Grand Jury, did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT EIGHT
[ Distribution of Methamphetamine – 21 U.S.C. § 841(a)(1) ]

The Grand Jury further charges that:

On or about July 11, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendant, CESAR SALGADO, did knowingly and intentionally distribute 50 grams or more of

a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE
[ Distribution of Heroin – 21 U.S.C. § 841(a)(1) ]

The Grand Jury further charges that:

On or about July 17, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendant, RICARDO OCHOA-BELTRAN, aka "Ricardo Jovany Sanchez-Sandoval," aka "Gio," aka "Jesus Sanchez-Gallardo," aka "Alejandro Garcia-Torres," did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I, narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN
[ Felon in Possession of Firearm or Firearm Silencer – 18 U.S.C. § 922(g)(1) ]

The Grand Jury further charges that:

On or about July 17, 2017, in the Southern District of Indiana, Indianapolis Division, the Defendant, CESAR SALGADO, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year,

To wit: Robbery, in Marion County, Indiana, Superior Court, on or about January 18, 2012,

did knowingly possess a firearm and firearm silencer, to wit: a Smith & Wesson, Model M&P15 5.56 caliber rifle, serial number SU91416, and an AWC Systems Technology, LLC, Model Optima II, 5.56 caliber firearm silencer, serial number 970579, said firearm and firearm silencer having been shipped and transported in interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 922(g)(1).

COUNT ELEVEN
[ Conspiracy to Launder Money – 18 U.S.C. § 1956(h) ]

The Grand Jury further charges that:

1.      The allegations in paragraphs 1 through 27 of Count One of this Superseding Indictment are realleged as if fully set forth here.

2.      Beginning on a date unknown to the Grand Jury, but at least as early as January 2016, and continuing through on or about July 17, 2017, in the Southern District of Indiana, Indianapolis Division, and elsewhere, RICARDO OCHOA-BELTRAN, aka "Ricardo Jovany Sanchez-Sandoval," aka "Gio," aka "Jesus Sanchez-Gallardo," aka "Alejandro Garcia-Torres," MIGUEL LARA-LEON, aka "Chaparro," MEGAN CASTLETON, and BRYAN STOCKER, the defendants herein, did knowingly combine, conspire, and agree with each other and with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions which involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the property involved in the transactions represented the proceeds of specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

MANNER AND MEANS

The charged conspiracy operated in the following manner:

3.      As set forth in Count One, OCHOA-BELTRAN directed the activities of a drug trafficking organization ("DTO") that operated in Indianapolis, Indiana, and elsewhere.

10

OCHOA-BELTRAN supplied drugs, including methamphetamine, cocaine, and heroin, to LARA-LEON and others for re-distribution in the Indianapolis, Indiana, area.

4.      OCHOA-BELTRAN also directed the activities of a money laundering organization ("MLO") that laundered the proceeds of the DTO's drug sales.

5.      OCHOA-BELTRAN, on his own and through others, directed members of the MLO in Indiana and elsewhere to use their bank accounts to funnel drug proceeds from Indiana to California. OCHOA-BELTRAN, on his own and through others, directed members of the MLO and others in Indiana (collectively, "the Accountholders") to make cash deposits of drug proceeds into various bank accounts in the Southern District of Indiana and elsewhere. The Accountholders included LARA-LEON, CASTLETON, STOCKER, S.M. (an individual known to the Grand Jury, but not indicted herein), and C.R.H. (an individual known to the Grand Jury, but not indicted herein). The Accountholders made cash deposits in amounts less than $10,000.

6.      OCHOA-BELTRAN, on his own and through others, then directed some of the Accountholders, including LARA-LEON, CASTLETON, S.M., and C.R.H., to transfer the deposited drug proceeds to bank accounts in California controlled by the DTO. In many instances, members of the MLO then withdrew the drug proceeds in the form of United States currency from the bank accounts in California.

7.      OCHOA-BELTRAN, on his own and through others, directed members of the MLO and others to wire drug proceeds from Indiana and elsewhere to Mexico.

<u>ACTS IN FURTHERANCE OF THE CONSPIRACY</u>

On or about the dates below, the defendants and others performed acts in furtherance of the conspiracy and to effect the goals and conceal the existence of the conspiracy, in the

Southern District of Indiana, Indianapolis Division, and elsewhere, including but not limited to the following:

8.     On or about September 17, 2015, OCHOA-BELTRAN opened a J.P. Morgan Chase Bank ("Chase Bank") account under the alias Alejandro Torres ("the Torres Account").

9.     Between January 23, 2016, and January 27, 2016, in Indianapolis, Indiana, approximately $8,390 of drug proceeds were deposited into an account held by LARA-LEON at Chase Bank.

10.     On January 27, 2016, LARA-LEON transferred approximately $7,000 from his Chase Bank Account to the Torres Account.

11.     On February 18, 2016, in Indianapolis, Indiana, Co-Conspirator #1 (identity known to the Grand Jury) deposited approximately $4,360 in drug proceeds into his or her Chase Bank Account.

12.     On February 18, 2016, Co-Conspirator #1 transferred approximately $4,000 from his or her Chase Bank Account to the Torres Account.

13.     Between February 20, 2016, and February 22, 2016, in Indianapolis, Indiana, Co-Conspirator #1 deposited approximately $13,000 in drug proceeds into his or her Chase Bank Account.

14.     On February 22, 2016, Co-Conspirator #1 transferred approximately $13,000 from his or her Chase Bank Account to the Torres Account.

15.     On March 23, 2016, in Indianapolis, Indiana, CASTLETON deposited approximately $7,760 in drug proceeds into her Chase Bank Account.

16.     On March 23, 2016, CASTLETON transferred approximately $7,760 from her Chase Bank Account to the Torres Account.

17.     On April 5, 2016, at the direction of CASTLETON, C.R.H. deposited approximately $8,000 in drug proceeds into his or her Chase Bank Account in Indianapolis, Indiana.

18.     On April 5, 2016, at the direction of CASTLETON, C.R.H. transferred approximately $8,000 from his or her Chase Bank Account to a Chase Bank account controlled by the DTO ("DTO Account #1").

19.     On June 27, 2016, at the direction of CASTLETON, C.R.H. deposited approximately $9,443.88 in drug proceeds into his or her Chase Bank Account in Indianapolis, Indiana.

20.     On June 27, 2016, at the direction of CASTLETON, C.R.H. transferred approximately $9,443.88 from his or her Chase Bank Account to LARA-LEON's Chase Bank Account.

21.     On June 27, 2016, at the direction of CASTLETON, S.M. deposited approximately $9,112.74 in drug proceeds into his or her Chase Bank Account in Indianapolis, Indiana.

22.     On June 27, 2016, at the direction of CASTLETON, S.M. transferred approximately $9,112.74 from his or her Chase Bank Account to DTO Account #1.

23.     On June 28, 2016, in Indianapolis, Indiana, CASTLETON deposited approximately $9,538 in drug proceeds into her Chase Bank Account.

24.     On June 28, 2016, CASTLETON transferred approximately $9,538 from her Chase Bank Account to OCHOA-BELTRAN's Chase Bank Account.

25.     On June 29, 2016, in Indianapolis, Indiana, CASTLETON deposited approximately $9,445 in drug proceeds into her Chase Bank account.

26.   On June 29, 2016, CASTLETON transferred approximately $9,445 from her Chase Bank Account to OCHOA-BELTRAN's Chase Bank Account.

27.   On June 29, 2016, OCHOA-BELTRAN withdrew approximately $9,000 from his Chase Bank Account in California.

28.   On September 23, 2016, the DTO sent wire transfers in the approximate amounts of $708 and $990 to Sinaloa, Mexico.

29.   On September 30, 2016, the DTO sent approximately $988 via wire transfer to Sinaloa, Mexico.

30.   On March 8, 2017, STOCKER opened a bank account at Wells Fargo Bank in Rushville, Indiana.

31.   On March 11, 2017, in Rushville, Indiana, approximately $9,000 in drug proceeds were deposited into an Account held by STOCKER at Wells Fargo Bank.

32.   On March 14, 2017, STOCKER withdrew approximately $8,000 from his Wells Fargo Bank Account in or around Vallejo, California.

33.   On March 24, 2017, in Rushville, Indiana, approximately $9,000 in drug proceeds were deposited into STOCKER's Account at Wells Fargo Bank.

34.   On March 29, 2017, STOCKER withdrew approximately $8,800 from his Wells Fargo Bank Account in or around North Platte, Nebraska.

35.   On April 14, 2017, the DTO sent wire transfers in the approximate amounts of $790, $910, and $990 from Indianapolis, Indiana, to Sinaloa, Mexico.

36.   On April 15, 2017, the DTO sent wire transfers in the approximate amounts of $575, $710, $754, $790, $804, $817, $914, and $926 from Indianapolis, Indiana, to Sinaloa, Mexico.

14

37.     On April 17, 2017, the DTO sent wire transfers in the approximate amounts of $787, $860, $865, $890, and $955 from Indianapolis, Indiana, to Sinaloa, Mexico.

38.     On July 5, 2017, in Galesburg, Illinois, CASTLETON, using the alias Mirella Sanchez, and Individual #1 (identity known to the Grand Jury), possessed approximately $8,500 and $9,000, respectively, in U.S. Currency.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1.     The allegations in Counts One through Eleven of this Superseding Indictment are re-alleged as if fully set forth here, for the purpose of giving the defendants notice of the United States' intent to seek forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

2.     If convicted of one or more of the offenses set forth in Counts One through Ten of this Superseding Indictment, RICARDO OCHOA-BELTRAN, aka "Ricardo Jovany Sanchez-Sandoval," aka "Gio," aka "Jesus Sanchez-Gallardo," aka "Alejandro Garcia-Torres," MIGUEL LARA-LEON, aka "Chaparro," CESAR SALGADO, ANGELICA NAOMI GUZMAN-CORDOBA, and LISSA GARCIA shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted.

3.     If convicted of the offenses set forth in Counts One through Eleven of this Superseding Indictment, RICARDO OCHOA-BELTRAN, aka "Ricardo Jovany Sanchez-Sandoval," aka "Gio," aka "Jesus Sanchez-Gallardo," aka "Alejandro Garcia-Torres," MIGUEL

15

LARA-LEON, aka "Chaparro," CESAR SALGADO, ANGELICA NAOMI GUZMAN-

CORDOBA, LISSA GARCIA, MEGAN CASTLETON, and BRYAN STOCKER shall also

forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28,

United States Code, Section 2461(c), any firearm or ammunition involved in or used in any of

the offenses of which he or she is convicted.

A TRUE BILL:



FOREPERSON

JOSH J. MINKLER
United States Attorney

By:

M. Kendra Klump
Assistant United States Attorney

16